IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| FREDRIC J. CROWELL II and JENNIFER CROWELL,<br><br>                    Plaintiffs,<br>      v.<br><br>RITZ CARLTON HOTEL (VIRGIN ISLANDS), INC., THE RITZ-CARLTON HOTEL COMPANY, LLC,<br><br>                    Defendants. | Civil No. 2012-15 |

## ORDER

Before the Court is the defendant's emergency motion for protective order [DE 139] with respect to the deposition in Seattle, Washington of its expert, Dr. Richard Wohns, scheduled for April 8, 2013. Defendant seeks an order (1) requiring the deposition to proceed at the witness' office, and (2) requiring prepayment in full of the witness' invoice. Plaintiffs oppose the motion arguing (1) the deposition was noticed at a location "one block from the Federal courthouse and approximately 30 minutes away," and that defendant had been aware of this location for a month, and (2) they intend to pay the witness' fees at the conclusion of the deposition.

    **A.**    **Factual Background**

Although the parties collectively take up 16 pages (not counting certificates of service) primarily in accusing one another of bath faith, misrepresentation and other wrongdoing, the Court has distilled the following from the submissions:

    1.    Defendant has two expert witnesses in the Seattle area, Dr. Wohns, and Dr. Wendy Marlowe. Defense counsel had specified that the depositions of these witnesses both had to take place on April 8.

*Crowell v. The Ritz-Carlton (Virgin Islands), Inc.*
Civil No. 2012-15
Page 2

      2.      On March 5, 2013, plaintiffs sent defendant a letter stating the intention to take both depositions at the office of Central Court Reporting in Seattle. The letter provided a schedule showing Dr. Marlowe's deposition beginning at 10:00 a.m., and Dr. Wohns' at 3:00 p.m. Over the next few weeks, Defendant suggested an earlier starting time for Dr. Marlowe, and stated it wanted Dr. Wohns to be deposed at his office. Dr. Wohns has patients scheduled up to the scheduled start time of his deposition.

      3.      Defendant had previously agreed to plaintiffs' requests to start a deposition of one of plaintiffs' experts at 7:00 a.m. to accommodate that witness' schedule, and had also agreed to depose another of plaintiffs' witnesses at the witness' office (26 miles from where other depositions were being taken) in order to minimize disruption of the doctor-witness' patient schedule.

      4.      On March 27, 2013, plaintiffs noticed the Marlowe deposition for 10:00 a.m. and the Wohns deposition for 3:00 p.m., both at the Central Court Reporting office in Seattle.

      5.      Defendant provided an invoice from Dr. Marlowe based on a projected three-hour deposition taking place from 10:00 a.m. to 1:00 p.m., and an invoice from Dr. Wohns. Although each witness may have received a check covering all or some portion of one hour of their time, plaintiffs state they intend to pay the remaining fees at the conclusions of the depositions.

      6.      Dr. Wohns' office has sufficient space to accommodate a videotaped deposition.

      7.      Plaintiffs do not agree to take Dr. Wohns' deposition at his office.

      **B.**      **Applicable Law**

The law applicable to this dispute is sparse, and the parties have failed to offer much of anything in the way of legal support for any of their arguments.

*Crowell v. The Ritz-Carlton (Virgin Islands), Inc.*
Civil No. 2012-15
Page 3

1. **The location of expert depositions**

With respect to where a deposition may be conducted, it is generally recognized that "a party must attend at the place stated in the notice and a witness must attend if the place stated in the subpoena satisfies the requirements of Rule 45(b)(2), unless the party or witness obtains an order of the court changing the place." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2112 (3d ed. 2010). *See also Rock River Communs., Inc. v. Universal Music Group*, 2011 U.S. Dist. LEXIS 152812, *10 (C.D. Ca. Aug. 31, 2011) (the deposing party can control the travel time by selecting a location that minimizes the expert's travel). Federal Rule of Civil Procedure 45(b)(2) provides for service of a subpoena inside the district of the issuing court, or outside the district of the issuing court but within 100 miles of the place specified for the deposition.

2. **Expert witness fees and the time for payment**

Federal Rule of Civil Procedure 26(b)(4)(E) requires in most cases that the party seeking to depose an expert "pay the expert a reasonable fee for time spent in responding to discovery." This may include the witness' time spent in traveling to and from the deposition. *Rock River,* at *9. In addition, Local Rule of Civil Procedure 26.3(2) requires that where the expert demands advance payment, the party seeking expert discovery "must advance or otherwise secure such sums."

C. <u>Analysis</u>

Applying these principles to the underlying facts of this dispute, the Court finds that plaintiffs noticed the deposition of Dr. Wohns for the court reporting office in Seattle, which is, according to defendant, "some 35 miles" from Dr. Wohns' office. Although defendant requested an accommodation equivalent to one it previously made to plaintiffs, and although the Court would expect that the extension of simple courtesies would be reciprocated whenever possible,

*Crowell v. The Ritz-Carlton (Virgin Islands), Inc.*
Civil No. 2012-15
Page 4

particularly where the logistics and timing would hardly seem to prevent cooperation, the Court cannot mandate such an exchange. If plaintiffs insist on taking Dr. Wohns' deposition at the court reporter's office at which it was noticed, that is plaintiffs' prerogative. However, in light of the fact that Dr. Wohns is represented to have scheduled patients up to 3:00 p.m. on April 8, 2013, the deposition shall not commence before 3:30 p.m., and plaintiff shall be required to pay Dr. Wohns his hourly rate for his time spent in travel to and from the deposition. Moreover, with respect to payment for travel time and of his fees, consistent with LRCi. 26.3, plaintiff shall be required to remit such payment to Dr. Wohns, prior to the deposition.[1]

Finally, as this Court has done on several occasions throughout the discovery phase of this case, the Court once again encourages the parties to communicate and cooperate in order to minimize the time and effort they must expend in motion practice that could easily be avoided. The Court observes that these types of disputes do not advance the search for truth, justice or the interests of the respective parties.

The premises considered, **IT IS HEREBY ORDERED** the motion for protective order is GRANTED IN PART AND DENIED IN PART consistent with the directions set forth herein.

**Dated:** April 5, 2013         S\_____
                                **RUTH MILLER**
                                United States Magistrate Judge

---

1   This requirement of prepayment of all fees applies equally to Dr. Marlowe, who is scheduled to be deposed for three hours, and with respect to any other remaining expert witness who has made a demand for advance payment. Moreover, to the extent plaintiffs have previously failed to pay for time spent by experts in travel where a demand for such payment was made, plaintiffs shall promptly rectify that circumstance and make payment.