IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| FREDERIC J. CROWELL, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-15 |
| | : | |
| RITZ CARLTON HOTEL (VIRGIN ISLANDS), INC., et al. | : : | |

## ORDER

AND NOW, this 3rd day of June, 2013, after a hearing on all pending motions, it is ORDERED:

1. Defendants Ritz-Carlton Hotel (Virgin Islands), Inc. (Ritz-Carlton) and The Ritz Carlton Hotel Company, LLC's (RCHC) Motion for Summary Judgment (Document 155) is GRANTED in part and DENIED in part. The motion is granted as to RCHC. Judgment is entered in favor of RCHC and against Plaintiffs on all claims, and RCHC is DISMISSED from this action.[1] The motion is denied in all other respects.

2. Plaintiffs' Motion to Exclude Expert Testimony of Anthony Dalton, P.E. (Document 159) is GRANTED in part and DENIED in part. The motion is granted insofar as Dalton may not offer an opinion that Crowell manually opened the utility door. The motion is denied in all other respects.

---

[1] In this premises liability action, Plaintiffs Frederic Crowell and Jennifer Crowell allege Frederic Crowell was injured by a dangerous condition in their guest room at the Ritz-Carlton Hotel in St. Thomas, V.I. Only the possessor of land on which an invitee is injured by a condition on that land is liable for the harm. Restatement (Second) of Torts § 343. A "possessor of land" is a person or entity that (a) is in occupation of the land with intent to control it; (b) has been in occupation of the land with intent to control it, if no person or entity has later occupied it with intent to control it; or (c) is entitled to immediate occupation of the land, if no other person is or has been in occupation of the land with intent to control it. *Id.* § 328E. There is no material dispute that RCHC is not a possessor of the land on which Crowell was injured. Plaintiffs have not presented any other evidence which could support a claim against RCHC; therefore, RCHC is entitled to summary judgment.

3. Plaintiffs' Motion to Exclude Expert Testimony of Douglas R. Morr, P.E. (Document 160) is DENIED.

4. Plaintiffs' Motion to Exclude Expert Testimony of Thomas Ptak, M.D. (Document 161) is DENIED.

5. Plaintiffs' Motion to Exclude Expert Testimony of Wendy B. Marlowe, Ph.D. (Document 162) is DENIED.

6. Plaintiffs' Motion to Exclude Expert Testimony of Neil M. Librock (Document 163) is DENIED.

7. Plaintiffs' Motion to Exclude Expert Testimony of Kenneth W. Reagles, Ph.D. (Document 164) is DENIED.

8. Plaintiffs' Motion to Exclude Expert Testimony of Erik J. Drabkin, Ph.D. (Document 165) is DENIED.

9. Defendants' Motion to Exclude Proposed Testimony and Report of James Gould (Document 166) is GRANTED.[2]

10. Defendants' Motion to Exclude Proposed Testimony and Report of Peter Poczynok (Document 168) is GRANTED in part and DENIED in part. The motion is granted insofar as Poczynok may not opine that Ritz-Carlton should have taken steps to prevent the

---

[2] Plaintiffs offer James Gould as an expert on the standard of care within the hotel industry. Pursuant to Federal Rule of Evidence 702, a witness may provide expert opinion testimony if he "is qualified as an expert by knowledge, skill, experience, training, or education," and if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Gould is not qualified to render the proffered opinions. Moreover, these opinions are not helpful to the jury or based on sufficient facts, nor were they reached using reliable (or any) methodologies. Accordingly, Gould is precluded from testifying at trial.

utility door from opening unexpectedly, and he may not testify about Ritz-Carlton's internal maintenance guidelines. The motion is denied in all other respects.

11. Defendants' Motion to Exclude Proposed Testimony and Report of Peter Francis and Daniel Goble (Document 170) is GRANTED in part and DENIED in part. The motion is granted insofar as Francis may not testify as to the cause of Crowell's alleged injuries and insofar as he may not display the video of his experiment.[3] The motion is denied in all other respects.

12. Defendants' Motion to Exclude Proposed Testimony and Report of Michael Lobatz (Document 172) is DENIED without prejudice to reassertion if Lobatz exceeds the scope of his expertise.

13. Defendants' Motion to Exclude Proposed Testimony and Reports of Nancy Markel (Document 174) is DENIED without prejudice to reassertion if Markel exceeds the scope of her expertise or offers cumulative testimony.

14. Defendants' Motion to Exclude Proposed Testimony and Report of Robert Hall (Document 176) is DENIED.

---

[3] Francis conducted an experiment in which he attempted to recreate the circumstances of Crowell's injury. While this Court rules Francis may testify about the results of his experiment, the Court finds that displaying a video of the experiment, in which a replicated utility door is repeatedly slammed against a model head bolted in place to the floor, would be unduly prejudicial in relation to the minimal probative value of showing the video. *See* Fed. R. Evid. 403. The conditions of Francis's experiment were substantially similar to the alleged event, and Francis's measurements of the force with which the door hit the model head therefore have some probative value on the issue of the force involved in the event. The video of the experiment, however, is a graphic depiction of multiple violent collisions and, to the naked eye of the viewer, is not sufficiently similar to the conditions of the alleged incident to be helpful to the jury. *See Glick v. White Motor Co.*, 458 F.2d 1287, 1294 (3d Cir. 1972) (holding "[e]xperimental evidence is admissible so long as it is relevant and probative, and such evidence has probative value if the conditions of the experiment are identical with or similar to the conditions of the transactions in litigation"); *Griffin v. Hickson*, No. 98-3805, 2002 WL 988006, at *4 (E.D. Pa. May 9, 2002). Accordingly, Francis may not display the video of his experiments at trial.

15. The Court reserves ruling on Defendants' Motion to Exclude Proposed Testimony and Report of Doreen Casuto (Document 178) until trial.

16. Defendants' Motion to Exclude Proposed Testimony and Report of Laura Dolan (Document 180) is DENIED.

17. Defendants' Motion to Exclude Proposed Testimony and Report of William Orrison (Document 182) is DENIED.

18. Defendants' Motion to Bifurcate Trial (Document 184) is DENIED.

19. Defendants' Motions in Limine, set forth in a single document (Document 233), are resolved as follows:

   i. Motion to Exclude References to Size of Firm or to Entities Related to Defendants is GRANTED as unopposed;

   ii. Motion to Exclude References to Harm to Hypothetical Victims is GRANTED as unopposed;

   iii. The Court reserves ruling on the Motion to Exclude References to Lawsuit Filed Against Dr. Ptak (and Similar, Irrelevant Matters);

   iv. Motion to Exclude Video Recreation of Francis Testing is GRANTED for the reasons stated in footnote 3 above;

   v. Motion to Exclude Video Recreation and Other Proposed Exhibits of Orrison is DENIED;

   vi. The Court reserves ruling on the Motion to Exclude References to HVAC Contract or Failure to Sheet Rock the Door;

   vii. The Court reserves ruling on the Motion to Exclude Statements Regarding Subsequent Remedial Measures;

      viii.    The Court reserves ruling on the Motion to Exclude Evidence About Statements that "Might Have Been Made by" Ritz-Carlton Employees;

      ix.    Motion to Exclude Expressions of Sympathy is GRANTED as unopposed;

      x.    Motion to Exclude References to Insurance or Similar Issues is GRANTED as unopposed; and

      xi.    Motion to Exclude Argument About Videotaped Testimony is GRANTED as unopposed.

20.    Plaintiffs' Motions in Limine, set forth in a single document (Document 241), are resolved as follows:

      i.    Motion to Exclude Reference to the Location or Nature of Plaintiffs' Attorneys' Office is GRANTED;

      ii.    Motion to Exclude Reference to Location of Plaintiffs' Experts or Reference to Terms Such as "Army of Experts from San Diego" is GRANTED;

      iii.    The Court reserves ruling on the Motion to Exclude Reference to Dr. Richard Wohns's Perpetuation Testimony; and

      iv.    The Motion to Exclude Reference to Discovery Disputes Regarding the Deposition of Jennifer Crowell is GRANTED.

BY THE COURT:

    /s/ Juan R. Sánchez
Juan R. Sánchez