IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| FREDERIC J. CROWELL II AND JENNIFER CROWELL, : : : v. : : RITZ CARLTON HOTEL (VIRGIN ISLANDS), INC., THE RITZ-CARLTON HOTEL COMPANY, LLC. : : : | CIVIL ACTION NO. 12-15 |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                        **March 31, 2014**

Before this Court is Defendant Ritz Carlton Hotel (Virgin Islands), Inc.'s (Ritz Carlton) Motion to Review Taxation of Costs, which seeks review and adjustment of the Clerk of Court's order taxing costs against plaintiffs Frederic J. Crowell II and Jennifer Crowell (the Crowells). The Clerk of Court's order denied Ritz Carlton's collection of $18,965.63 for travel costs for their attorneys to conduct depositions and $8,559.43 for subsistence and travel costs for their expert witnesses to attend trial. The Crowells oppose Ritz Carlton's Motion to Review and urge the Court to affirm the Clerk's order. Because this Court finds Ritz Carlton is entitled to the costs associated with subsistence and travel for expert witnesses, the Court will grant its motion in part, vacate the Clerk's order in part, and tax an additional $8,559.43 against the Crowells.

## BACKGROUND

On June 13, 2013, the Court entered judgment in favor of Ritz Carlton and against the Crowells on all counts of their Complaint. On July 10, 2013, Ritz Carlton filed a Bill of Costs in the amount of $49,799.15. On July 16, 2013, the Crowells filed a motion to strike certain portions of Ritz Carlton's application to tax costs, objecting to $28,971.41

of Ritz Carlton's claimed costs. On August 1, 2013, the Clerk entered an order taxing costs against the Crowells in the amount of $21,786.20, reducing Ritz Carlton's Bill of Costs by $28,012.95. On August 6, 2013, Ritz Carlton filed the present motion seeking review of the Clerk's order taxing costs to recoup $27,525.06 of its original request for travel, lodging, ground transportation, and meals for defense counsel while conducting discovery and for travel and subsistence costs of Ritz Carlton's experts.

**DISCUSSION**

Federal Rule of Civil Procedure 54(d)(1) directs "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Although the Clerk of Court "is charged with taxing such costs," the district court "is charged with making a de novo review of the clerk's determination of the costs issue." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 453, 461 (3d Cir. 2000).

While the types of costs eligible for recoupment pursuant to Rule 54(d)(1) are listed in 28 U.S.C. § 1920, this statute does not apply to this Court. *See Dr. Bernard Heller Foundation v. Lee*, 847 F.2d 83, 87 (3d Cir. 1988) ("Unlike Rule 54(d) and 28 U.S.C. § 1821, the language of 28 U.S.C. § 1920, which authorizes a judge 'of any court of the United States' to tax certain specified costs, cannot be applied to the District Court of the Virgin Islands because generally that court is not encompassed within the term 'court of the United States.'"). Instead of § 1920, this Court looks to 5 V.I.C. § 541(a) to determine the items taxable as costs pursuant to Rule 54(d)(1). *See id.* ("[S]ection 541 was enacted because section 1920 did not apply to the District Court of the Virgin Islands."); *see also Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *2-3 (D.V.I. Dec.

20, 2007) (looking to § 541(a) to determine costs taxable to prevailing party). Items taxable as costs under § 541(a) include "[f]ees of officers, witnesses, and jurors" and "[n]ecessary expenses of taking depositions which were reasonably necessary in the action." 5 V.I.C. § 541(a).

Ritz Carlton contends it should receive costs for expert witness travel and subsistence as well as travel costs incurred by its attorneys in conducting depositions. Turning first to the costs associated with Ritz Carlton's expert witnesses' travel and subsistence, § 541(a) provides that fees for witnesses are taxable as costs, and 28 U.S.C. § 1821 (which is applicable to the District Court of the Virgin Islands) specifies recoverable fees and allowances for witnesses. While § 1821 limits witness attendance fees to $40 per day, it allows for the recovery of a witness's travel expenses and a subsistence allowance. Section 1821 provides, in pertinent part, "[a] witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance." 28 U.S.C. § 1821(c)(1). The statute also provides for payment of "taxicab fares between places of lodging and carrier terminals, and parking fees," as well as payment of a "subsistence allowance . . . when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." *Id.* § 1821(c)(3), (d)(1).

The Crowells argue that notwithstanding these provisions under the pertinent statutes, the 100-mile rule applies to limit any recoverable costs. The 100-mile rule is

3

based on the territorial limits of district courts' subpoena power under Rule of Civil Procedure 45, but "most courts now recognize that restrictions on their subpoena power are no barrier to taxing as costs the travel expenses of a prevailing party's witness who appears from beyond the court's reach." *Roberts v. S. S. Kyriakoula D. Lemos*, 651 F.2d 201, 203 (3d Cir. 1981). Adherence to the 100-mile rule is discretionary and based on considerations such as whether "the witnesses' testimony is relevant, necessary and bears on essential issues of the case." *Raio v. Am. Airlines, Inc.*, 102 F.R.D. 608, 611 (E.D. Pa. 1984).

Because Ritz Carlton's expert witnesses' testimony was relevant, necessary, and pertained to essential issues of the case, this Court declines to impose the 100-mile rule to limit Ritz Carlton's recoverable costs, and will allow Ritz Carlton to recover actual travel costs associated with its expert witnesses' travel to and from St. Thomas. This Court will also allow for reimbursement of subsistence costs pursuant to § 1821(d), because each of Ritz Carlton's expert witnesses resided in the continental United States, and overnight stays were thus required for each of them to attend trial in St. Thomas.

As to whether Ritz Carlton should be awarded travel costs incurred by their attorneys in conducting depositions, § 541(a) states "[n]ecessary expenses of taking depositions which were reasonably necessary in the action" are taxable as costs. 5 V.I.C. § 541(a). Travel costs for taking depositions are not recoverable, however, absent special circumstances. *See Damidaux v. Hess Oil V. I. Corp.*, 18 V.I. 417, 421-22 (D.C.V.I. 1981) (allowing no award of travel expenses incurred in connection with the taking of depositions absent special circumstances). Ritz Carlton has not demonstrated the special circumstances necessary to warrant recovery of travel costs for its attorneys to conduct

depositions, and the Clerk of Court was therefore correct in denying taxation of $18,965.63 against the Crowells.

Because Ritz Carlton is entitled to reimbursement of costs for subsistence and travel associated with Ritz Carlton's expert witnesses' attendance at trial, but not of costs associated with its attorneys' travel to conduct depositions, the Court will vacate that portion of the Clerk's order relating to the denial of costs for subsistence and travel expenses for Ritz Carlton's expert witnesses, and will tax an amount of $8,559.43 for those expenses. The Court will affirm the Clerk of Court's taxation of costs in all other respects.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.